IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AHMED HOSSAIN                                                    PETITIONER

V.                                            Cause No. 5:26-cv-00206-DCB-BWR

WARDEN R. VERGARA,                                           RESPONDENT
*Adams County Detention Center*

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed pro se by Ahmed Hossain, a former immigration detainee. Petitioner, a native and citizen of Bangledesh, filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 in March 2026 challenging the length of his detention pursuant to 8 U.S.C. § 1231(a)(6) and requesting his immediate release from Immigration and Customs Enforcement's (ICE's) custody. Pet. [1] at 11. On October 8, 2025, an immigration judge ordered that Petitioner be removed from the United States. *See* acis.eoir.justice.gov (last visited June 30, 2026).

On June 25, 2026, the Court ordered Respondent to provide a status update because according to ICE's Online Detainee Locator System, Petitioner was no longer detained. Respondent timely responded and provided a Declaration from Deportation Officer Wilton J. Tyler who avers that "[o]n May 18, 2026, ICE removed Petitioner to Bangladesh via commercial air flight." ICE Officer Decl. [10-1] at 1.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or

be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.* The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition is moot because the relief the Petition requests – release from immigration detention – has occurred. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

## RECOMMENDATION

It is recommended that the Petition [1] be dismissed without prejudice for lack of jurisdiction because it is moot.

## NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may

respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this 30th day of June 2026.

s/ *Bradley W. Rath*
_____
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

3